JOHN W. LAPERE v. JAMES LUCKEY.

1. FACTS *Showing No Cause of Action*. Where a person leases and has charge of a hotel, and an adjoining proprietor builds a high fence on his own land, which fence partially cuts off the light and air from the hotel, *held*, that the hotel proprietor has no cause of action against the other, either for injunction or damages.

2. ———— *Practice*. While inadvertent omissions of facts from a pleading (especially where the omitted facts are unimportant, or are covered by broad and general allegations) are generally looked upon leniently by the courts, and especially so after verdict, yet studious omissions of important facts from a pleading cannot be favored; and this is especially true where the pleading is attacked before the trial, and by demurrer.

3. "ANCIENT LIGHTS"—*No Such Thing in Kansas*. There is no such thing as "ancient lights" in Kansas, and the doctrine of "ancient lights" cannot be recognized by the courts of Kansas; hence, where a petition sets forth nothing else for a cause of action than the obstruction of "ancient lights," the petition does not state any cause of action.

*Error from Atchison District Court.*

AT the June Term, 1879, of the district court, *Luckey* had judgment against *Lapere*, who brings the case here. The opinion contains a full statement of the facts.

*Greenlee & Jackson*, for plaintiff in error.

*S. H. Glenn*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff in error states the facts of this case, as follows:

On the 21st day of May, 1879, the plaintiff in error, as plaintiff, made and filed in the district court in and for Atchison county, Kansas, his petition against the defendant, in which he charged that he was in possession, under a lease, of the Lindell hotel, located on lot 7, in block 28, in the city of Atchison; that in order to properly carry on the business of said hotel, it was necessary to use the basement of the building for the purpose of a laundry; that he had fitted up the south fifty feet of said basement as a laundry, at an expense of about $500; that his leasehold interest in said building, and the furniture owned by him therein, was of the value of $8,000.

He further alleged that it was necessary, in order to properly use said basement, to have the light and the air from the whole of the east side of such basement, and that plaintiff is entitled to the light and air from the whole of the east side of said basement; and that well knowing the plaintiff's right in the premises, said defendant wrongfully and illegally, about the month of October, 1878, erected and put up a high board obstruction, greatly injuring plaintiff; that on or about the 31st of May, 1879, said defendant wrongfully and unlawfully threw down the fence along the south part of such basement, and is threatening to put up and maintain along the east side of said basement, for the length of about sixty feet, a board obstruction of the height of about sixteen feet, thereby wrongfully, unlawfully, maliciously and wickedly cutting off the air and light from plaintiff's laundry and basement, as he is rightfully entitled to enjoy.

Said petition also contained a statement that he had been damaged, and a prayer for relief by injunction, and for damages. The petition was sworn to by plaintiff, and an application made to the Hon. J. J. Locker, judge of the probate court, which was granted on plaintiff's executing a bond in the sum of one hundred dollars. On the 25th of June, the defendant filed a motion to vacate the temporary injunction, alleging—first, that the allegations in the petition are insufficient; second, that the alleged facts are untrue. And on the same day the defendant filed another motion to vacate and dissolve the temporary injunction, setting down as grounds

therefor—first, that the order was wrongfully obtained, by misrepresentation and concealment of facts; second, that said order was obtained without any proper proofs of any facts upon which an injunction could lie; third, that there is no proper verification to the petition; fourth, that the petition and affidavit, if all the statements therein contained are taken as true, do not state facts sufficient to entitle the plaintiff to an injunction, either temporary or otherwise.

Defendant also filed a demurrer to plaintiff's petition, alleging that the said petition does not state facts sufficient to constitute a cause of action of any kind in favor of plaintiff and against defendant; and does not state sufficient facts upon which to base an order of injunction, either temporary or otherwise.

Upon the hearing of said motions and demurrer, the court sustained the same, and the plaintiff brings the case here for review.

This statement of the facts of the case is at least fair toward the plaintiff in error.

Did the court below commit any error? We think not. It certainly did not commit any error in dissolving said temporary injunction; for, according to the affidavits, read in evidence on the hearing of the motion to dissolve, the defendant owned the land or lot where said fence was torn down, and where the other fences were erected and about to be erected, and had a perfect right to do just as he did, and as he was about to do. But did the court err in sustaining the defendant's demurrer to the plaintiff's petition? There is more ground for supposing that the court erred in sustaining said demurrer, than there is for supposing that the court erred in dissolving said injunction, for, in dissolving the injunction, the court had an opportunity to see both sides of the question, but in sustaining the demurrer, the court could know the facts only as they were stated in the plaintiff's petition. But did the court err in sustaining the demurrer to the petition, even with only this one-sided showing? In the plaintiff's petition there was a conspicuous absence of important facts, which we would naturally expect to see in such a petition. There was an apparently labored effort to avoid

stating some of the facts which should have been stated in detail. No one can tell from the petition who owned the land where the defendant was engaged in tearing down and building up fences. The plaintiff does not say that he owned it, or had any lease thereon, and he does not say that the defendant did not own it, or that he did not have full and complete control thereof. The facts of the case, as shown from the petition and said affidavits, are that the plaintiff had a lease of the hotel, and full charge thereof, while the defendant owned the land where he was at work tearing down and building up fences, and had complete charge thereof. The plaintiff's allegation, in his petition, that the defendant was "thereby wrongfully, unlawfully, maliciously and wickedly cutting off the air and light from the plaintiff's laundry and basement, as he is rightfully entitled to enjoy," was evidently based upon an erroneous supposition that because the plaintiff had leased the hotel from somebody, he thereby had the unquestioned right to all the air and light from all the surrounding country, unobstructed, undisturbed and uninterrupted by anybody, or from any source. He evidently did not take into due consideration the rights of others, who might fortunately or unfortunately have property near him, or in that vicinity; and hence his omission of these very important facts. Now, in the absence of these facts, we think the court below did right in sustaining said demurrer. Inadvertent omissions of facts from a pleading, especially where the omitted facts are unimportant, or where they may be covered by broad and general allegations, are generally looked upon leniently by the courts, and especially so after verdict; but a studious omission of important facts from a pleading, cannot be favored; and this is especially true where the pleading is attacked before trial, and by demurrer. It is an old rule, that upon a demurrer only such facts as are well pleaded can be considered as true. And in such a case as this, we think the rule ought to be strictly adhered to.

We suppose that there can be no such thing as "ancient lights" in Kansas; and that the doctrine of "ancient lights"

cannot be recognized by our courts. And hence a petition which sets forth nothing else for a cause of action than the obstruction of "ancient lights," does not state any cause of action.

The judgment of the court below will be affirmed.

All the Justices concurring.