DUNSMORE v. THE CENTRAL IOWA R'Y CO.

1. **Railroads:** COAL CHUTE: NUISANCE: DAMAGES.  A person whose lot
does not abut on the right of way of a railroad, and whose dwelling house
is ninety-three feet from a coal chute on the right of way, cannot recover
damages of the railway company on account of the annoyance occa-
sioned to him by dust and smoke from the coal chute blowing upon, in
and around his house, and by the noises arising from the operation of
the chute,—there being no complaint that the chute is carelessly con-
structed or improperly operated.   (See opinion for authorities cited.)

*Appeal from Mahaska Circuit Court.*

SATURDAY, JUNE 25.

THIS is an action by Ellis Dunsmore, appellee, for damages
for the wrongful operation and use of a coal chute on the
defendant's railroad.   The plaintiff, who is the owner of a
dwelling-house near the railroad, claims that the use of said
chute creates a great deal of smoke and dust, which are blown
upon and about his house, and that the noise made by use of
the chute is a great annoyance.   There was a trial by jury,
and a verdict and judgment for the plaintiff.   Defendant
appeals.

*J. H. Blair, A. C. Daly* and *Blanchard & Preston*, for
appellant.

*Phillips & Greer* and *Nelson & Williams*, for appellee.

ROTHROCK, J.— The plaintiff is the owner of two lots in
the city of Oskaloosa, upon which stands a house which he
occupies as a residence.   The west line of these lots is sixty

feet east of the defendant's right of way. The sixty feet intervening between the plaintiff's lots and the right of way is a lot, owned by another person, upon which a dwelling-house is situated. It will be observed that the plaintiff's property does not abut on the right of way. In tne winter of 1883 the defendant erected a coal chute upon its right of way, for the purpose of supplying its engines with coal. The chute is situated opposite the plaintiff's lots, and some two or three feet within the right of way. It is not claimed that the chute was negligently built, nor that it was improperly operated. The plaintiff's dwelling-house is ninety-three feet from the coal chute. The evidence shows that when the wind is in the west, and the coal chute is being operated, coal dust and smoke from engines are blown over, upon and around the plaintiff's house, and the supplying of coal to engines is attended with considerable noise.

The defendant insists that plaintiff has no cause of action, and that the verdict is not supported by the evidence; and the court was asked to so instruct the jury, which was refused, and a motion for a new trial, and in arrest for judgment, for the same reasons, was overruled.

We think the defendant's position must be sustained. The plaintiff does not complain of the location of the right of way and the operation of the road. He is not owner of land abutting on the right of way. Railroads cannot be operated without fuel, and proper structures for supplying engines therewith are necessary, to be maintained at convenient points for that purpose. They are necessarily incidental to the operation of the road. The owners of property in the vicinity of a railroad necessarily suffer inconveniences, such as detention by trains upon the track, the noise of passing trains, the smoke emitted from engines, and the like, for which they cannot recover in a suit for damages. Pierce, Railroads, 216; Ror., Railroads, 457; *Randle v. Pacific R'y Co.*, 65 Mo., 325; *Parrot v. Railway Co.*, 10 Ohio St., 624; *Cosby v. Railway Co.*, 10 Bush., 288; *Struthers v. Railway Co.*, 87 Pa. St., 282. REVERSED.