THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY v. J. B. ARMSTRONG.

No. 13,906. (80 Pac. 978.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury to Adjacent Property from Smoke and Cinders.* An authorized business properly conducted at an authorized place is not a nuisance, for whatever is lawful cannot be wrongful; and the owner of a railroad, thus authorized and operated, is not liable in damages to one whose residence is permeated by smoke, cinders and gas emitted from the engines to such an extent as to be injurious to the health and comfort of the inhabitants.

2. —— *Company Held not Liable in Damages.* One whose residence is rendered uncomfortable or unhealthy to the occupants by smoke, cinders and gas emitted from the locomotive-engines of the railway company cannot recover damages therefor, in the absence of any special constitutional or statutory authority, where it appears that such company has not abused or exceeded its authority in locating or constructing its line or in the operation of its engines.

Error from Johnson district court; WINFIELD H. SHELDON, judge. Opinion filed May 6, 1905. Modified.

STATEMENT.

THE plaintiff sued to recover damages · on two causes of action, the second being based on injuries sustained by the defendant's having deprived him of access to his property by closing an alley, and the first on injury resulting from his residence's being

permeated with cinders, smoke and gas from defendant's locomotive-engines. The facts, summarily stated, are as follow: There is a block in the town of Gardner bounded by Washington street on the north, Kane street on the south, and Elm street on the west, through which there is an alley sixteen feet wide, running east and west. For the purpose of this case, it may be said that the plaintiff owns the north half, and the defendant the south half, of this block. The plaintiff has a valuable residence on the north half, facing west on Elm street. The defendant operates a line of railroad which runs across the south half in a northwesterly direction, crossing Elm street near the south line of the block. None of the land occupied by the defendant as a right of way ever belonged to the plaintiff.

Several years after the defendant built its road the plaintiff erected his residence, and, after the residence was built, the defendant lowered its road-bed through Gardner to such a depth that the smokestacks on its engines were on a line with the surface of the earth. This cut made that part of Elm street where the tracks crossed impassable. The defendant then entered into a contract with the city that, in consideration of the city's vacating a certain portion of Kane street for the company's use and giving it some other privileges, it would quitclaim certain property to the city, build a viaduct over its lines at the crossing of Elm street, and make approaches thereto from the north and south in accordance with certain specifications made by the city. An ordinance was passed containing all these conditions and specifying the width of the approach and *per centum* of the grade. After the ordinance was accepted by the company, the latter built the viaduct and made the approaches in accordance with its provisions. The approach on Elm street north, the same having been made in accordance with the *per centum* of grade established by

the city, extended past the alley in the rear of, and some distance along, the plaintiff's property in front of his residence.

The plaintiff claimed in the second cause of action of his petition that this approach deprived him of access to the rear of his property by way of the alley, and he recovered judgment. For his other cause of action he stated that, as a result of the defendant's lowering its road-bed and tracks through Gardner, smoke, cinders and gas emitted from its locomotive-engines could not rise before reaching his residence and were blown therein, thereby injuriously affecting the health of himself and family and greatly damaging and decreasing the value of his residence property. He also recovered on this cause of action. The defendant prosecutes this proceeding in error.

There are no allegations in the petition that the lowering of the track was not properly and skilfully done; that it was not a betterment of its road-bed and necessary to the proper and efficient conduct of defendant's business and operation of its trains; nor was negligence charged on the part of the defendant's locomotive-engineers in the management of their engines.

By subdivision 6 of section 1316, General Statutes of 1901, railway companies are empowered to take and convey persons and property on their railways by the power of steam; and by section 1320 they are authorized to "change the road-bed, road-line, or any part thereof, for the purpose of shortening the line, or to overcome natural obstacles."

*Robert Dunlap, A. A. Hurd,* and *Alfred A. Scott,* for plaintiff in error.

*J. W. Parker,* and *J. P. Hindman,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: If the plaintiff, through the acts of defendant, was deprived of access to his premises by way of the public alley, he may recover damages therefor. Whether he was deprived of such access was a question of fact. The evidence was conflicting, some tending to show that such passage had not been materially interfered with, and some tending to prove the contrary. The jury, after hearing and weighing the evidence, found in favor of plaintiff, and this finding was approved by the trial court on a motion for a new trial. The judgment, therefore, must be sustained as to this cause of action.

When this case was first submitted, doubts were entertained of the right of the plaintiff to recover for damage to his residence by reason of its permeation with smoke, gas, and cinders. Thereupon, the court deduced from the evidence and finding the following question, and resubmitted it for argument: Where a railroad company constructs and operates its road on its own land in a proper manner, is it ever liable to the owner and occupant of adjacent property for consequential damages arising from his residence's becoming permeated with smoke and offensive vapors from its engines, which injuriously affect the health of such occupants? Counsel for both parties, realizing the importance of the question and of a correct decision, have ably reargued it orally and in briefs.

The company having been specifically authorized to make the alleged improvement in its road-bed, in the absence of any charge that it was unnecessary or unskilfully done or made at a place not authorized it is not liable for damages as for the maintenance of a nuisance. That which is done under authority of law at a place and in a manner authorized cannot be a

24—71 KAN.

nuisance. Judge Cooley, at page 67 of the second edition of his work on Torts, says:

"An actionable nuisance may, therefore, be said to be anything wrongfully done or permitted which injures or annoys another in the enjoyment of his legal rights."

In the case of *Transportation Co. v. Chicago,* 99 U. S. 635, 640, 25 L. Ed. 336, it was said:

"That cannot be a nuisance, such as to give a common-law right of action, which the law authorizes. We refer to an action at common law such as this is. A legislature may and often does authorize and even direct acts to be done which are harmful to individuals, and which without the authority would be nuisances; but in such a case, if the statute be such as the legislature has power to pass, the acts are lawful, and are not nuisances, unless the power has been exceeded."

Also, in the case of *Hammersmith &c. Railway Co. v. Brand,* 4 Eng. & Ir. App. 171, 196, it was said:

"If the legislature authorizes the doing of an act (which if unauthorized would be a wrong and a cause of action) no action can be maintained for that act, on the plain ground that no court can treat that as a wrong which the legislature has authorized, and consequently the person who has sustained a loss by the doing of that act is without remedy, unless in so far as the legislature has thought it proper to provide for compensation to him. He is, in fact, in the same position as the person supposed to have suffered from the noisy traffic on a new highway is at common law, and subject to the same hardship. He suffers a private loss for the public benefit."

The acts of the defendant having been done under authority granted to it, in the performance of which it neither exceeded nor abused such authority, the plaintiff cannot recover his alleged damages unless a recovery is authorized by the constitution or some provision of the statute. The only provision in the con-

Railway Co. v. Armstrong.

stitution that can have application to the question is section 4 of article 12, which reads:

"No right of way shall be appropriated to the use of any corporation, until full compensation therefor be first made in money, or secured by a deposit of money, to the owner, irrespective of any benefit from any improvement by such corporation."

Section 1360 of the General Statutes of 1901 provides:

"Upon application being so made in writing, such board of county commissioners shall forthwith proceed to lay off such route, side-tracks, etc., for such distance through their said county as may be so desired, and of such width, within the limits aforesaid, and upon such location, as may be desired by such corporation, having the same carefully surveyed, and ascertaining carefully the quantity of land necessary for such purposes out of each quarter-section or other lot of land through which said route, side-track, etc., is so located, and appraise the value of such portion of any such quarter-section or other lot of land, and assess the damages thereto; and when such commissioners shall ascertain that such portion of such quarter-section or lot belongs to different owners, they shall appraise the value and assess the damages to each such owner's interest; all which doings the board of commissioners shall embody in a written report, and file in the office of the county clerk of such county."

The plaintiff's case is not within either of the provisions quoted. Under each there must be an actual taking before a recovery can be had; and then the owner may recover only the value of the land taken and the damage to the remainder of the tract or lot occasioned by such taking.

The damages alleged to have been sustained in this case are purely incidental and arise from a proper operation of the defendant's locomotive-engines. Railroad companies are public corporations organized and maintained for public purposes. Railroads cannot be operated without causing more or less inconvenience

to the public and discomfiture and possible damage to persons living adjacent to their lines. All such inconveniences and incidental damages must be endured by the individual for the general good. Such private inconveniences and injuries result, in a less degree, to persons who live along public highways from dust arising from the passing of teams and wagons. For such injuries the law provides no remedy.

This and similar questions have arisen in other courts of this country, and, so far as this court has been able to ascertain, a recovery has generally been denied, unless given under some constitutional or statutory provision. Some cases may be found which have construed similar injuries to be a taking. These, however, are exceptional and without the general rule. In the case of *Carroll v. Wisconsin Central Co.*, 40 Minn. 168, 170, 41 N. W. 661, which was an action for a similar injury, the court said:

"Railroads are a public necessity. They are always constructed and operated under authority of law. They bring to the public great benefits; to some persons more, to other persons less. The operating them in the most skilful and careful manner causes to the public necessary incidental inconveniences, such as noise, smoke, cinders, vibrations of the ground, interference with travel at the crossings of roads and streets, and the like. One person may suffer more from these than another. For instance, one whose premises lie within a hundred feet of the railroad will feel the inconvenience in a greater degree than one whose premises are at the distance of a thousand feet; and one who has to pass many times a day along a street crossed by a railroad suffers more inconvenience from it than one who seldom has occasion to pass. But the difference is only in degree, not in kind. Such inconveniences are common to the public at large. If each person had a right of action because of such inconveniences, it would go far to render the operating of railroads practically impossible."

In the case of *Parrott v. The Cincinnati, Hamilton and Dayton Railroad Company,* 10 Ohio St. 624, which

Railway Co. v. Armstrong.

was an action to recover damages for obstructing the street by a railroad-track, and also for damages for noises, smoke and vapor arising from the operation of the cars, it was said:

"Such owner and occupant is entitled to damages for any obstruction to the street by earth, gravel, timber or rail, substantially affecting his use of such street as an appurtenance to his premises.

"In respect to the noises, smoke, vapor, or other discomforts arising from the ordinary use of the railroad by the company, the occupant and owner of such lot and dwelling-house has no more right to recover damages of the company than any citizen who resides, or may have occasion to pass, so near the street and railroad as to be subjected to like discomforts.

"A railroad authorized by law, and lawfully operated, cannot be deemed a private nuisance."

As stated, there appears to be but little, if any, disagreement in the decisions upon this question. (See, also, *Beseman v. Pennsylvania R. R. Co.,* 50 N. J. L. 235, 13 Atl. 164; *Hatch v. Vt. Central R. R. Co.,* 25 Vt. 49; *Dunsmore v. The Central Iowa Ry. Co.,* 72 Iowa, 182, 33 N. W. 456.)

Counsel for defendant in error cite us to the case of *Bal. & Potomac R. R. Co. v. Fifth Bap. Church,* 108 U. S. 317, 2 Sup. Ct. 719, 27 L. Ed. 739, as a decision contrary to the opinion herein expressed. That was an action to recover damages for discomforts occasioned by the erection of a building for housing the locomotive-engines of the railway company contiguous to a building used for Sunday-school and public worship by a religious society. It was claimed that these services were habitually interrupted and destroyed by the hammering noises made in the workshops of the company, the rumbling of its engines passing in and out of them, and the blowing off of steam; that these noises were so great at times as to prevent members of the congregation who might be sitting in parts of the church farthest from the shops

from hearing what was said. The plaintiff was permitted to recover, but it was because the company had no authority to build its engine-house at the place where it did. On page 330 the court said:

"It is no answer to the action of the plaintiff that the railroad company was authorized by act of congress to bring its track within the limits of the city of Washington, and to construct such works as were necessary and expedient for the completion and maintenance of its road, and that the engine-house and repair shop in question were thus necessary and expedient; that they are skilfully constructed; that the chimneys of the engine-house are higher than required by the building regulations of the city, and that as little smoke and noise are caused as the nature of the business in them will permit.

"In the first place, the authority of the company to construct such works as it might deem necessary and expedient for the completion and maintenance of its road did not authorize it to place them wherever it might think proper in the city, without reference to the property and rights of others. As well might it be contended that the act permitted it to place them immediately in front of the president's house or of the capitol, or in the most densely populated locality. Indeed, the corporation does assert a right to place its work upon property it may acquire anywhere in the city."

Thus it will be observed that the court held that the railroad company exceeded its authority in building its shops where it did, and on that ground permitted the plaintiff to recover.

The inconveniences and discomfitures of which the plaintiff complains are such as all persons who live along a line of railroad must endure without other compensation than the conveniences enjoyed by living in proximity to such public thoroughfare.

The judgment of the court on the first cause of action is reversed, and the cause remanded. The costs of the proceedings in this court are equally divided.

All the Justices concurring.