DELIA A. PHILLIPS V. THE LAWRENCE VITRIFIED
BRICK AND TILE COMPANY.

No. 14,272.    (82 Pac. 787.)

INJUNCTION—*Nuisance—Damages—Evidence and Verdict.*    In
a suit to enjoin the operation of a brick plant on account of
injury to neighboring premises, evidence held sufficient to
sustain a finding that the plaintiff was not entitled to an in-
junction or to damages.

Error from Douglas district court; CHARLES A.
SMART, judge.    Opinion filed October 7, 1905.    Af-
firmed.

*J. W. Gleed,* and *J. L. Hunt,* for plaintiff in error;
*D. E. Palmer,* and *Gleed, Ware & Gleed,* of counsel.

*Bishop & Mitchell,* for defendant in error.

*Per Curiam:* The plaintiff complained that the de-
fendant in operating its brick plant threw smoke, dust
and cinders upon her premises, killing trees and caus-
ing other injury.    She asked to have the business en-
joined, and to recover damages.    The defendant an-
swered that it had been making brick there for more
than twenty-five years—for a long time before the
plaintiff acquired her property—from a bed of shale
near which the plant is built; that the business was
lawfully and carefully managed; and that the annoy-
ance and injury to the plaintiff were not such as war-
ranted an injunction or the award of damages.

Whether the plaintiff had sustained an actionable
injury was the principal issue tried, and, after a great
mass of conflicting testimony had been heard, the
court made a general finding in favor of the defend-
ant.    No special findings were made, and hence there
is no way of learning the view of the court on the
different elements involved in the general finding.    The
defendant is bound to make a lawful and reasonable

use of its property, and, if it make an unlawful or unreasonable use, so as to produce material injury or great annoyance to those in the neighborhood, the law will hold it responsible for the consequent damage. The making of brick is a useful and necessary business, and the fact that it may produce some annoyance or discomfort to those near by does not necessarily justify interference or create civil liability. Ordinarily an owner may make a lawful and reasonable use of his property although it may cause some annoyance and discomfort to those in the vicinity, if such inconvenience and discomfort are only slight, and are the natural and necessary consequences of the exercise of the owner's right in developing the resources of his property. Whether the use was unreasonable and the inconvenience and injury serious and substantial, or only slight and trivial, were the questions submitted to the trial court for determination. As bearing on the questions involved, see *Fogarty v. Pressed Brick Co.*, 50 Kan. 478, 31 Pac. 1052, 18 L. R. A. 756; *Railway Co. v. Armstrong*, 71 Kan. 366, 80 Pac. 978, and cases there cited.

The testimony tended to show that the plant is located in a sparsely settled district; that the shale on the land is specially adapted to the manufacture of vitrified brick; that it is the only place in the community where the shale is found, and, also, that the chief value of the land is in the shale; and that in the manufacture of brick the defendant was, therefore, only developing the natural resources of its land. Modern methods and appropriate appliances were used by the defendant in the manufacture of the brick, and there was no negligence in the operation of the plant.

There is a sharp conflict in the testimony as to the consequences of the operation of the plant, and, while some inconvenience and discomfort result from the operation, there is testimony which fairly supports the finding that it is not so serious and substantial as to

require the abandonment of the enterprise or the re-covery of damages.

The objections to the rulings on the admission of testimony are not material.

The judgment is affirmed.