Anderson v. Bloomheart.

No. 20,944.

OSCAR ANDERSON, *Appellant*, V. J. E. BLOOMHEART et al.,
*Appellees.*;

SYLLABUS BY THE COURT.

LEASE—*Adjoining City Lots—No Implied Covenant as to Light and Air.*
Where the owner of two adjoining city lots, one vacant and the other
occupied by a building, leases the latter by an instrument containing
the usual covenants for quiet enjoyment, no right with respect to light
or air arises by implication; and the tenant can not enjoin the erection
upon the vacant lot of a building which, by completely obstructing the
windows on one side of the leased property, will seriously interfere with
the benefit he would otherwise obtain from it.

Appeal from Lincoln district court; DALLAS GROVER, judge.
Opinion filed November 10, 1917.  Affirmed.

*David Ritchie,* of Salina, for the appellant.

*J. J. McCurdy,* of Lincoln, and *Thomas L. Bond,* of Salina,
for the appellees.

The opinion of the court was delivered by

MASON, J.: The defendants are the owners of two adjoining
city lots, one vacant and the other occupied by a two-story
building.  They rented the building (excepting the second
story) to the plaintiff by a five-year lease containing a cove-
nant for quiet enjoyment.  A year later they were about to
erect upon the vacant lot a structure which would cut off the
light and air from the basement windows of the building oc-
cupied by the plaintiff.  He brought an action seeking to en-
join such obstruction on the ground that it would render the
basement practically useless to him.  A demurrer to his peti-
tion was sustained, and he appeals.

By the English common law a conveyance of a part of a tract
of land owned by the grantor carried with it by implication
the right to the free passage of air and light to the portion
conveyed over the remainder, in the absence of any express
reference to the subject.  This rule at one time obtained some
recognition in this country, but is now generally repudiated,
although it survives in a modified form in some states. (1 C.

J. 1227, 1228; 1 R. C. L. 398; 16 R. C. L. 716.) It has long been settled that the doctrine of "ancient lights" has no place in the law of Kansas. (*Lapere v. Luckey*, 23 Kan. 534.) We accept as consistent both with reason and authority these expressions of American courts with respect to the matter of implied covenants:

"The use and enjoyment of the adjoining lands are certainly no more subordinate to those of the house where both are owned by one man, than where the owners are different. The reasons, upon which it has been held that no grant of a right to air and light can be implied from any length of continuous enjoyment, are equally strong against implying a grant of such a right from the mere conveyance of a house with windows overlooking the land of the grantor. To imply the grant of such a right in either case, without express words, would greatly embarrass the improvement of estates, and, by reason of the very indefinite character of the right asserted, promote litigation. The simplest rule, and that best suited to a country like ours, in which changes are continually taking place in the ownership and the use of lands, is that no right of this character can be acquired without express grant of an interest in, or covenant relating to, the lands over which the right is claimed." (*Keats v. Hugo*, 115 Mass. 204, 215.)

"It seems to us that this doctrine of easements in light and air, founded upon sheer necessity and convenience, like the kindred doctrine of 'ancient windows,' or prescriptive right to light and air by long user, is wholly unsuited to our condition, and is not in accordance with the common understanding of the community. Both doctrines are based upon similar reasons and considerations, and both should stand or fall together. They are unsuited to a country like ours, where real estate is constantly and rapidly appreciating, and being subjected to new and more costly forms of improvement, and where it so frequently changes owners as almost to become a matter of merchandise. In cases of cheap and temporary buildings, the application of the doctrine would be attended with great uncertainty, and be a fruitful source of litigation. It would, moreover, in many cases, be a perpetual incumbrance upon the servient estate, and operate as a veto upon improvements in our towns and cities. It will be safer, we think, and more likely to subserve the ends of justice and public good, to leave the parties, on questions of light and air, to the boundary lines they name, and the terms they express in their deeds and contracts." (*Mullen v. Strickler*, 19 Ohio St. 135, 143.)

The precise question here presented, however, is whether an easement for light and air may be implied in a *lease* of one tract by the owner of that adjoining it. In a recent note it is said that the decisions slightly predominate in favor of an affirmative answer. (13 L. R. A., n. s., 333.) In the case there

annotated (*Darnell v. Columbus Show-Case Co.,* 129 Ga. 62) that view of the question was adopted by an extension of the rule, which had already been confirmed by statute, that—

"When one sells a house, the light necessary for the reasonable enjoyment whereof.is derived from and across adjoining land then belonging to the same owner, the easement of light and air over such vacant lot passes as an incident to the house sold, because necessary to the enjoyment thereof." (p. 336.)

In the opinion it was said that the principle was equally applicable to a lease, and that the reason for it was more cogent in that case because of the tenant's restricted control of the premises. This decision is the less persuasive here because made in a jurisdiction where the English rather than the American rule is followed with respect to the effect of conveyances by adjoining owners. This is true also of the first case cited in the note. (*Ware v. Chew,* 43 N. J. Eq. 493.) The second case cited (*Case v. Minot,* 158 Mass. 577) affirmed the right of the tenant of a room in an office building to damages by reason of the obstruction of a light-and-air shaft or well by the building of a chimney by another tenant—a situation not entirely analogous to that here presented. The third case (*Doyle et al. v. Lord et al.,* 64 N. Y. 432) was qualified by this statement:

"If the yard [in which the owner was about to erect a structure which would cut off the light and air from premises occupied by its tenants] had not been part of the lot upon which the building was standing and if it had not been appropriated to use with the building so as to pass as appurtenant thereto, so far as to give easements therein to the tenants of the building, the plaintiffs could not have complained of the acts of the defendants." (p. 439.)

In the only other American case cited in the note referred to on this side of the question (*Hazlett v. Powell,* 30 Pa. 293) the part of the opinion bearing upon the matter was a rather casual dictum, apparently made upon the strength of two decisions arising out of sales, not leases. It is clear, therefore, that there is little in the American decisions tending to induce a court which holds that no covenant as to light and air is to be implied in a deed to take a different view in the case of a lease; although it is also true that the specific decisions of a contrary tendency are not numerous. While it is of course possible to make a distinction based upon the difference between a deed

and a lease, we think the reasons for repudiating the doctrine of ancient lights and the rule by which a covenant as to light and air is implied in a deed apply with sufficient force to the present situation to require us to hold that no right with respect to light and air was created by implication under the facts alleged in the petition, and the demurrer was properly sustained.

The judgment is affirmed.

### OPINION DENYING A REHEARING.

Filed November 24, 1917.

#### ADDITIONAL SYLLABUS BY THE COURT.

LEASE — *Covenant for Quiet Enjoyment — Obstruction of Light.* The right of a landlord to build upon a lot adjoining one which he has leased to a tenant, notwithstanding the consequent obstruction of the basement windows of the leased premises, to the disadvantage of the lessee, is not affected by a covenant for quiet enjoyment in the lease, since such a covenant would be implied in any event.

The opinion of the court was delivered by

MASON, J.: In a petition for a rehearing the plaintiff suggests that the court has overlooked his contention that the erection by the defendants, his landlords, of a building on the adjoining lot in such a manner as to obstruct the windows of the basement of the leased premises, occupied by him, was a violation of the covenant of the lease, reading as follows:

"And the said parties of the first part do hereby covenant that the said party of the second part on paying the aforesaid installments and performing all of the covenants aforesaid, shall, and may, peaceably and quietly have, hold and enjoy the said premises for the term aforesaid."

In the original opinion and syllabus reference was made to the fact that the lease contained a covenant for quiet enjoyment, and this was at the time regarded as sufficient to indicate that the phase of the matter referred to had been considered. We do not think the right of the defendants to build upon their property which adjoins the premises they have leased, notwithstanding the consequent obstruction of the basement windows, to the disadvantage of the lessee, is affected by the clause quoted.

"The covenant of quiet enjoyment, whether express or implied, only means that the tenant shall not be evicted or disturbed by good title in the possession of the demised premises or some part thereof." (7 R. C. L. 1145.)

"Though a lease may not contain an express covenant for the quiet possession and enjoyment of demised premises during the term thereof, the law always implies such a covenant." (7 R. C. L. 1146.)

"It is generally well recognized that there is an implied covenant in a lease for the quiet enjoyment of the premises by the lessee free from any interference on the part of the lessor." (16 R. C. L. 763.)

The question is not, as stated by the appellant, "whether the appellees had the right . . . in violation of the covenant in their lease . . . to interfere with the use of said premises during the term of the lease," but whether the erection by the landlord of a building upon the adjoining lot, which cut off light and air from the windows of the basement of the rented property, was a violation of the express or implied terms of the lease. Since the covenant for quiet enjoyment did not alter the ordinary relations of landlord and tenant, the grounds stated in the original opinion are deemed a sufficient basis for the affirmance of the judgment.

The petition for a rehearing is denied.