No. 21,332.

S. F. HELMS, *Appellee*, v. THE EASTERN KANSAS OIL COMPANY, LIMITED, et al., *Appellants.*

SYLLABUS BY THE COURT.

1. OIL REFINERY—*Escaping Oil and Poisonous Substances—Material Injury to Another—Nuisance.* If the owner of a refinery permits oil, refuse and poisonous substances in large quantities to escape from the refinery and flow over and upon the land of his neighbor, causing material injury to the neighbor, the use of the refinery will be deemed to be unreasonable and to constitute a nuisance.

2. SAME—*Conducting Lawful Business—Liability for Damages to Adjoining Property.* The fact that the business of the refinery is in itself a lawful one, and that the owner of it operates it carefully, will not exempt him from liability for casting oil, refuse and poisonous substances on the land of the plaintiff in such quantities as to cause him substantial injury.

3. SAME—*Injury to Adjoining Property—Measure of Damages.* The liability of the defendant in such a case is measured by the rules in relation to a nuisance instead of those governing cases of negligence.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed December 8, 1917. Affirmed.

*Charles H. Apt,* and *Frederick G. Apt,* both of Iola, for the appellants.

*C. S. Ritter,* of Iola, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by S. F. Helms against the Eastern Kansas Oil Company, Limited, to recover damages alleged to have been caused through the operation of defendant's oil refinery, which is situated near the corner of plaintiff's farm, which he has occupied as a homestead for many years. A small natural watercourse flows through the refinery grounds and across the north half of plaintiff's farm. On May 1, 1914, the plaintiff brought an action against the defendant, claiming damages because of the oil, poisonous substances and fumes which the defendant had allowed to escape from the refinery and pass over his farm, causing injury to the land, and also to some of his cows. The trial of that case resulted in a judgment in defendant's favor as to the injury to the land, but in favor of the plaintiff as to the injury to the cows. That judgment stands as a finality, and the award made against the defendant has been paid and satisfied. On October 1, 1915, the present action was begun, in which the plaintiff averred that during the last two years, and especially since May 1, 1914, the defendant had permitted large quantities of oil, refuse and poisonous substances to escape from its premises and run upon and over his land, and also that it had contaminated the air with foul and ill-smelling gases and vapors which were carried upon his farm and into his residence. There was an allegation that the defendant had enlarged its plant since May 1, 1914, and that the flow and passage of oil, fumes and poisons had been correspondingly increased, with the result that his land had been injured to the extent of $1,000, and that, in addition to the damage to the land, his orchard and trees had been injured and the health and comfort

of the family impaired, for which he asked $2,000. A motion of defendant to require the plaintiff to separately state and number his causes of action was overruled, the court holding that only a single cause of action had been pleaded. The defendant answered that it was carrying on the refinery business in a lawful and proper way; that the stream that flows through the premises of both is a natural watercourse; that the use it made of the stream was lawful and proper; and that if any substances had flowed upon plaintiff's land, it was due to excessive rainfall—an act of God; and further, that the claims made by the plaintiff had either been adjudicated, or were barred by the statute of limitations. At a trial on these issues a jury returned a verdict awarding plaintiff $300, and also special findings that plaintiff's land was as valuable on October 1, 1915, as it had been on May 1, 1914, and that the trees, for the destruction of which plaintiff asked damages, had died from improper care and from neglect. On the motion of the defendant the court set aside the special findings and verdict and granted a new trial. The plaintiff then amended his petition, setting forth the creation and maintenance of a nuisance on plaintiff's land by permitting the escape of and the throwing of poisonous substances and vapors over it, for which he asked $3,000. He also alleged special injury to the live stock which decreased the quantity of milk given by his cows, amounting to $665, and for the destruction of crops and pasture he asked $300. In this petition he alleged that since May 1, 1914, the defendant had increased the equipment of its plant, which increased the injury to his land and other property. The answer which the defendant made to the first petition was refiled as the answer to this petition. The court ruled that this petition stated a single cause of action, and it instructed the jury that the former adjudication constituted a bar to a recovery of any depreciation in or damage to the land which had occurred prior to May 1, 1914, and that only such damages could be recovered as had been caused since that time through the enlargement of the defendant's refinery and increased flow of refuse matter upon the land. The jury were further instructed that the former judgment would not bar a recovery for the alleged loss of crops and pasture and injury to live stock. The second trial of this case resulted in findings that

Helms v. Oil Co.

the defendant had not increased the output of its plant since May 1, 1914, and that the land had not decreased in value since that time. There was a finding by the jury that the plaintiff had sustained no loss through the wrongful acts of the defendant, except for injury to the grass on twenty-five acres of pasture land.

In its appeal defendant complains of the ruling refusing to require the plaintiff to separately state and number his causes of action, insisting that the claim for general damages to the land constituted a distinct cause of action, and that the claim for special damages to other property constituted a different cause of action. Since the jury has specifically found that the land was not injured, and has only awarded damages upon the single item of the loss of the grass, the question is no longer material. Nor is there any good ground for the complaint of a variance between the original and amended petitions.

It is contended that the averments in the plaintiff's amended petition did not warrant a recovery, and therefore defendant's demurrer should have been sustained. This contention is based mainly on the ground that in the petition there was no allegation of any unnecessary act of the defendant in the construction or operation of the refinery, nor any averment that in its operation it was guilty of any negligent act or omission. Defendant insists that the business is a lawful one and that there can be no liability to the plaintiff as a result of the operation of the refinery in the absence of negligence of the defendant. Plaintiff's action as pleaded must be regarded as one for nuisance rather than negligence. An owner of property, although conducting a lawful business thereon, is subject to reasonable limitations. He must use his property so as not to unreasonably interfere with the health or comfort of his neighbors, or with their right to the enjoyment of their property.

"If he makes an unreasonable or unlawful use of it, so as to produce material injury or great annoyance to his neighbor, he will be guilty of a nuisance to his neighbor, and the law will hold him responsible for the consequent damage." (*Fogarty v. Pressed Brick Co.*, 50 Kan. 478, 487, 31 Pac. 1052.)

In *Stotler v. Rochelle,* 83 Kan. 86, 109 Pac. 788, the court in defining a nuisance said:

"It is of course not necessary that the use to which property is put shall be unlawful in itself in order to constitute it a nuisance in the eye of the law." (p. 88.)

Nor will the fact that the business is carried on carefully and in accordance with the ordinary methods employed in such a business relieve one from liability to a neighbor if the use is unreasonable and such as constitutes a nuisance. In *Hauck v. Pipe Line Co., Ltd., Appellants,* 153 Pa. St. 366, it was said:

" 'If the mere fact that the business is a lawful business, and has been conducted with care, would be a defense where a neighbor's land had been injured in consequence of the business carried on there, the escape of gas for instance, or the escape of oil, the result would be that a man might lose his farm; might be compelled to leave it, and have no compensation, simply because the business which brought about this loss was a lawful business, and was carried on carefully. That is not the law. No man's property can be taken, directly or indirectly, without compensation under the law of this state. Hence, there are cases, and a great many of them, where a defendant is held liable in damages, although his business is lawful, and he has exercised care in carrying it on.' " (p. 375.)

Whether or not a use which in itself is lawful is a nuisance depends upon a number of circumstances—locality and surroundings, the number of people living there, the prior use, whether it is continual or occasional, and the extent of the nuisance and injury caused to the neighbor from the use. If the injury is slight and trivial and occurs in the development of the natural resources of the land it is not deemed to be unreasonable. (*Phillips v. Brick Co.,* 72 Kan. 643, 82 Pac. 787.) The oil that was treated by the defendant at the refinery was obtained elsewhere, and its operations had no connection with the products of the land or the development of its natural resources. Taking the averments of the plaintiff it is clear that the quantity of oil, refuse, fumes and gases that were thrown upon plaintiff's land constituted an unreasonable use and a nuisance. However useful and lawful the business in itself is, the defendant cannot be permitted to carry it on in such a way as to cause material injury to the plaintiff. When the injurious substances were thrown upon plaintiff's land in the excessive quantities and in the manner set forth in plaintiff's petition, the defendant's use of its property became both

unreasonable and unlawful. In the leading case of *Fletcher v. Rylands*, L. R. 1 Exch. 263, it was said:

"The person whose grass or corn is eaten down by the escaping cattle of his neighbour, or whose mine is flooded by the water from his neighbour's reservoir, or whose cellar is invaded by the filth of his neighbour's privy, or whose habitation is made unhealthy by the fumes and noisome vapours of his neighbour's alkali works, is damnified without any fault of his own; and it seems but reasonable and just that the neighbour, who has brought something on his own property which was not naturally there, harmless to others so long as it is confined to his own property, but which he knows to be mischievous if it gets on his neighbour's, should be obliged to make good the damage which ensues if he does not succeed in confining it to his own property. But for his act in bringing it there no mischief could have accrued, and it seems but just that he should at his peril keep it there so that no mischief may accrue, or answer for the natural and anticipated consequences. And upon authority, this we think is established to be the law whether the things so brought be beasts, or water, or filth, or stenches." (p. 280)

(See, also, *Gilmore v. Salt Co.*, 84 Kan. 729, 115 Pac. 541; *Kansas City v. Serum Co.*, 87 Kan. 786, 125 Pac. 70; *McCarty v. Natural Carbonic Gas Co.*, 189 N. Y. 40; *Hauck v. Pipe Line Co., Ltd., Appellants*, 153 Pa. St. 366; Note, 15 L. R. A., n. s., 535.)

Error assigned in the overruling of the demurrer to plaintiff's evidence is not available, as the evidence is not preserved in the record. The objections to the instructions have been answered in part in what has been said on the contention that a cause of action was not stated in the amended petition, and we find nothing substantial in the other objections to the rulings on the instructions.

The judgment of the district court is affirmed.