No. 22,105.

AMANDA SCOTT, *Appellant*, V. GLENWOOD TOWNSHIP, *Appellee*.

### SYLLABUS BY THE COURT.

1. HIGHWAY—*Insufficient Culvert — Flooding Lands — Injunction—Substantial Injury Must be Shown.* While a landowner is entitled to enjoin the maintenance of a culvert so constructed as to obstruct the flow of water and throw it back upon his land, causing him substantial injury and loss, he is not entitled to abatement unless the maintenance of the culvert and obstruction results in material injury and loss to him.

2. SAME—*Culvert—No Substantial Injury Shown—Injunction Refused.* Whether the injury resulting from the culvert was serious and substantial, or only slight and trival, was a question for the trial court, and it is held herein that the testimony sustains the findings of the court that the culvert does not cause substantial injury to the plaintiff.

3. SAME—*Injunction—Remarks of Trial Court.* The gratuitous advice of the trial court that in the future the openings in culverts built in the vicinity should be made larger, did not operate to overthrow its findings and conclusion that the evidence did not warrant the granting of an injunction.

Appeal from Phillips district court; WILLIAM S. LANGMADE, judge. Opinion filed December 6, 1919. Affirmed.

*W. N. Moore,* of Phillipsburg, for the appellant.

*W. A. Barron,* and *J. W. Barron,* both of Phillipsburg, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a judgment refusing an injunction against the maintenance of a culvert on a highway built across a ravine or waterway, in which plaintiff alleged that there was an insufficient opening for the passage of water. Plaintiff owns a farm on this waterway which drains an area of about five hundred acres, and she alleges that when freshets or heavy rains occur the culvert holds the water back on her garden, thus causing injury and loss. She made a claim for damages, which appears to have been abandoned, and also insists the culvert should be abated. The trial

court found that this ravine or draw carries a large volume of water in times of freshets; that it is narrow and crooked, with considerable trees and brush growing in and along it, and with projecting banks which tend to throw the water towards plaintiff's garden, a tract which it appears is about one-third of an acre in area; and that the conformation of the ground is such that the water would be thrown upon the garden whether the culvert was in or out. It further found that the top of the culvert is about one foot lower than the lowest part of the garden, and the court concludes that, while a larger opening for the passage of water was advisable, in order to carry off the water quickly when there are heavy rains, the plaintiff is not liable to suffer any appreciable injury by reason of the culvert, and hence the injunction was refused.

It is insisted that some of the findings are not supported by the testimony, and also that under the findings the plaintiff was entitled to an abatement of the culvert.

It is true, as plaintiff contends, that an insufficient culvert which throws the water back upon the land of an abutting owner, substantially damaging him, constitutes a nuisance which may be abated by judicial action. (*Murphy v. Fairmount Township*, 89 Kan. 760, 133 Pac. 169.) To be entitled to an injunction it was necessary for the plaintiff to establish that the culvert caused substantial injury to her property. (*Water Supply Co. v. City of Potwin*, 43 Kan. 404, 23 Pac. 578.) It has been held that whether a structure or a use is unreasonable, and the injury complained of is serious or substantial, is a question for the determination of the trial court, and if the injury, although technically wrong, is only slight and trivial, the plaintiff is ordinarily not entitled to injunctive relief. (*Phillips v. Brick Co.*, 72 Kan. 643, 82 Pac. 787. See, also, *Fogarty v. Pressed Brick Co.*, 50 Kan. 478, 31 Pac. 1052; *Helms v. Oil Co.*, 102 Kan. 164, 169 Pac. 208.)

There is evidence tending to show that the overflow of plaintiff's garden did not result from the construction of the culvert across the ravine, and that the ravine was flooded in freshets before any bridge or culvert was built, the same as it has been since they were built. The flow of water it appears was obstructed to a great extent by the conformation of the land along the ravine and by the trees and shrubs growing in

it. The waters of the ravine flowed down into Crow creek, which passed a few rods below the culvert, and when the water in that creek was very high, it backed up the ravine and tended to overflow the lowlands along it. The county engineer testified, in effect, that the opening for drainage was sufficient except when the high water in Crow creek held back the waters of the ravine. There was not only testimony tending to show that the culvert was not the cause of material injury to plaintiff's land, but the judge, at the instance of the parties, visited the location, and upon the testimony, aided by his view, he determined that the plaintiff had not and could not be materially injured by the maintenance of the culvert.

We cannot say that the findings and judgment of the court are without support, nor that the plaintiff suffered substantial injury from the maintenance of the culvert. In announcing his conclusions and judgment, the trial court remarked that upon the estimate of the county engineer it would be advisable that in the building of culverts in the future the openings should be made somewhat larger, and that it would have been better to have had an opening in the culvert in question of four feet by six feet, instead of four feet in diameter, in order that the surface water which accumulated in freshets might more quickly escape. The advice so volunteered by the trial court was general in its character and, although not strictly within his functions, did not weaken his conclusion and judgment that the plaintiff had not suffered material injury, and was therefore not entitled to maintain injunction.

The judgment is affirmed.