No. 23,454.

Bush Gilbert, *Appellee*, v. Davidson Construction Company, *Appellant*.

SYLLABUS BY THE COURT.

1. Nuisance—*Operating Rock Crusher Near Private Residence.* The setting up and operating of a rock crusher in the street within forty-three feet of plaintiff's residence and the consequent throwing of large quantities of dust upon and into the residence, injuring and destroying furniture, clothing and food, was a nuisance.

2. Same—*Case Tried Solely on Theory That Rock Crusher Was a Nuisance.* The case having been tried and determined on the theory that it was a nuisance and not that the machine was defective or unskillfully operated, there was no necessity to offer evidence or submit the case on the theory that negligence was essential to a recovery other than in the location and operation of the crusher in such close proximity to plaintiff's home.

3. Same—*No Prejudicial Error in Instructions.* Instructions relating to the duties and liabilities of the parties in the matter are held to be without prejudicial error, and the evidence is deemed to be sufficient to sustain the recovery.

Appeal from Wyandotte district court, division No. 3; William H. Mc-Camish, judge. Opinion filed January 7, 1922. Affirmed.

*Louis R. Gates,* of Rosedale, for the appellant.
*J. R. Stanley,* of Rosedale, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: The plaintiff asked and recovered damages from the defendant for negligently injuring personal property through the operation of a rock crusher in a street forty-three feet from his home, and on the ground that the dust from it covered his home and penetrated into it to such an extent as to injure and destroy household goods, clothing and food.

Defendant complains that there was insufficient evidence to show that the crusher was operated in a negligent manner or that modern methods were not employed in its operation or that there was a lack of appropriate appliances to operate it in a lawful way. It insists that the crushing of rock is a useful and necessary business and that defendant had a right to make a reasonable use of the crusher, and the fact that it may have caused some slight inconvenience and discomfort to another does not create a liability against the company. It is contended that whether a reasonable use was made of the crusher and whether the injuries were substantial was a fact which plaintiff should have proven, and the claim is that this was not shown by any evidence.

On the other hand, the plaintiff insisted that the setting up of a crusher so close to his house that it necessarily injured him made it a nuisance regardless of the manner of its operation, and that the proof showed that the injuries were serious and substantial. It was shown that the crusher was located in a street only forty-three feet from his house and that great quantities of dust were thrown upon it and into it. No evidence was introduced of negligence in operation, and defendant offered evidence tending to show that it was an ordinary rock crusher operated in the ordinary way and with the appliances usually employed.

In this appeal the principal complaint is of the instructions given by the court. It is claimed that they were inconsistent with the bill of particulars and with the evidence in the case, and further that they amounted to peremptory instructions to find for the plaintiff.

Complaint is made of an instruction in which the court said that—

"A rock crusher as ordinarily used is a lawful institution or piece of machinery. In this case the plaintiff's complaint is not that the crusher was operated negligently but that it was so placed and so operated that it invaded his right of private property."

Defendant says that plaintiff did allege negligence in the operation of a crusher and there is some language in the pleading which might imply negligence in the use of the machine, but there was no attempt to prove that the crusher was not modern or unsuitable for the business, and the case was tried throughout as of one for nuisance rather than for negligence. The wrong charged against the defendant was the placing of the machine in close proximity to plaintiff's home so that the operation of it threw dust upon and into

his house to his discomfort and loss. We think the defendant has no ground to complain that negligence was taken out of the case.

Nor do we find any good reason for the objection to an instruction in which the court remarked that, "whenever a man so uses his property as to work injury or hurt to another man, then it becomes what is termed as unlawful." Defendant contends that this was in effect a peremptory direction to find for plaintiff. The language quoted followed a statement that—

"Every man has the right to use his own property as he pleases so long as he does not interfere with the rights of another man to enjoy his property."

The language complained of was followed by the advice that the complaint was the improper location of the crusher, the placing of it so close to plaintiff's home that it threw dust on it, injuring his furniture, carpets, clothing and food, thereby interfering with his use and enjoyment of his property. There was nothing misleading in these instructions.

The case was submitted to the jury not on the theory that it was an unlawful business or that the machine was defective or that there was any lack of skill in those operating it, but it was that the placing and operating of the crusher in the street within forty-three feet of plaintiff's dwelling was an illegal invasion of plaintiff's rights. Under the circumstances it plainly constituted a nuisance which might have been enjoined and which made the defendant liable for any substantial damages resulting from the wrong. The fact that the business itself is lawful and the machine skillfully operated, did not give the defendant a right to put and use it in front of a residence where it necessarily would cause injury and loss. In *Helms v. Oil Co.*, 102 Kan. 164, 169 Pac. 208, it was insisted that, as the business of refining oil was a lawful one, there could be no liability to the plaintiff as a result of the operation of the refinery in the absence of negligence of the defendant, but in the opinion it was said:

"Plaintiff's action as pleaded must be regarded as one for nuisance rather than negligence. An owner of property, although conducting a lawful business thereon, is subject to reasonable limitations. He must use his property so as not to unreasonably interfere with the health or comfort of his neighbors, or with their right to the enjoyment of their property." (p. 167.)

This was followed by a quotation from *Fogarty v. Pressed Brick Co.*, 50 Kan. 478, 31 Pac. 1052, that—

"If he makes an unreasonable or unlawful use of it, so as to produce ma-

terial injury or great annoyance to his neighbor, he will be guilty of a nuisance to his neighbor, and the law will hold him responsible for the consequent damage." (p. 487.)

If defendant had placed his machine farther away from plaintiff's home and where it would not have substantially interfered with the rights of others, the business and use would both have been lawful. In *Blomen, Frederickson, v. N. Barstow Co.*, 35 R. I. 198, it was said:

"A use of property in one locality, and under some circumstances may be lawful and reasonable, which, under other circumstances would be unlawful, unreasonable and a nuisance. To constitute a nuisance the use must be such as to produce a tangible and appreciable injury to neighboring property, or such as to render its enjoyment specially uncomfortable or inconvenient." (p. 205.)

The evidence all showed a liability on the part of the defendant, and, further, that the damage resulting from the wrong was substantial. Where the business conducted is a lawful one and the inconvenience and discomfort resulting from the operation are only slight and are only the natural consequences of the carrying on of such lawful business, there is ordinarily no liability. (*Phillips v. Brick Co.*, 72 Kan. 643, 82 Pac. 787.) This case, however, does not fall within that rule, as the location and operation of the defendant constituted a nuisance and the inconvenience and injury inflicted were substantial.

We find no ground for defendant's complaint of the amount of damages awarded.

Judgment affirmed.