No. 28,798.

FRANK SHEPLER, *Appellee*, v. THE KANSAS MILLING COMPANY, *Appellant*.

(278 Pac. 757.)

Opinion filed July 6, 1929.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris* and *George B. Powers*, all of Wichita, for the appellant.

*William Keith* and *Lester Wilkinson*, both of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Plaintiff sued the defendant milling company for damages because it had erected a number of grain tanks sixty feet high, situated across a public street and across a railway right of way from plaintiff's residence in Wichita. He alleged that these tall tanks were painted white and reflected the light of the afternoon sun on his front porch, to his great annoyance and discomfort, and that his house was thereby rendered unsalable, untenantable and no longer fit for residential purposes, whereby its value was reduced some $1,800, for which sum as damages plaintiff prayed judgment.

Defendant's demurrer to plaintiff's petition was overruled and the legal question involved is brought here for review.

In his brief, plaintiff reduces the allegations of his petition to this summarized statement of facts:

"Plaintiff is the owner and in possession of property located on North Santa Fe avenue in the city of Wichita, known as 1221 North Santa Fe; the property faces the east and immediately in front of the property is a right of way of a railroad track, and across the track and immediately in front of appellee's residence is located the property of appellant; on appellant's property and directly in front of appellee's residence, but across the railroad track, appellant has erected a battery of storage tanks which extend from Eleventh street, city of Wichita, north to Twelfth street; the tanks are so constructed as to cut off all light from the east, and to make a solid and continuous wall. Appellant has painted such battery of storage tanks white. In the afternoons on clear days, and the most of the days in Kansas are clear, when the sun is shining upon the tanks the light is reflected onto and against the property of appellee in such a manner as to blind and hurt the eyes of parties who might occupy the front porch of said property, and by reason of such a condition the property is rendered unsalable and untenantable, and is no longer fit for residential purposes."

Plaintiff relies on the doctrine stated in the ancient maxim, *"Sic utere tuo, ut alienum non laedas,"* which is a perfectly sound doctrine, of course, but it has its limitations; and it would seem that its virtue could hardly carry so far as to forbid a milling company to build grain tanks on its own property of whatever height and color it may choose because at some considerable distance away (the width of a city street plus the width of an ordinary railroad right of way) it might offend the sensibilities of plaintiff in the exercise and enjoyment of his front porch on a sunny afternoon.

The law does not in every instance provide directly for compensation or financial redress for every *damnum* a man may sustain as a member of an organized community. In *White v. Kincaid,* 149 N. C. 415, 23 L. R. A., n. s., 1177, 1179, Mr. Justice Hoke said:

"It is a principle well established, that where a person, corporation, or individual is doing a lawful thing in a lawful way, his conduct is not actionable, though it may result in damage to another; for though the damage done is undoubted, no legal right of another is invaded, and hence it is said to be *damnum absque injuria.*" (p. 419.)

Certain natural rights of persons may be curtailed which the sufferer must sustain without other return therefor than the manifold benefits which inure to him as a citizen privileged to reside in and earn his livelihood in an orderly community of his fellows.

Typical of these are the noise of trains or street cars, the rumbling of early morning traffic, the cutting off of ancient lights and the erection of obstructions to his view. Such instances of *damnum absque injuria* could be indefinitely multiplied. (See *Lapere v. Luckey*, 23 Kan. 534; *Anderson v. Bloomheart*, 101 Kan. 691, 168 Pac. 901; 1 C. J. 1227-1229; 17 C. J. 1125 and citations; 1 R. C. L. 318; 1 Bouvier, 3d ed. 754.)

Appellee cites various cases where the freedom of an owner to devote his property to a use of his own choosing has been judicially interfered with as a nuisance. Of course, there are many such cases, as where gases from a brick plant destroyed vegetation (*Fogarty v. Pressed Brick Co.*, 50 Kan. 478, 31 Pac. 1052); where smoke, dust and cinders caused substantial injury to neighboring property (*Phillips v. Brick Co.*, 72 Kan. 643, 82 Pac. 787); and where poisonous fumes from an oil refinery passed over neighboring lands (*Helms v. Oil Co.*, 102 Kan. 164, 169 Pac. 208). But there is no substantial analogy between such cases and the action sought to be maintained in the instant case. Plaintiff has no cause of action against defendant and judgment to that effect must be directed.

The judgment is reversed.