SIMON R. REMSBERG *et ux.* V. THE IOLA PORTLAND
CEMENT COMPANY.

No. 14,455.    (84 Pac. 548.)

SYLLABUS BY THE COURT.

1. NUISANCE — *Storing of Dynamite — Question of Fact.*
Whether the storing of dynamite, conceded to be a lawful
business, is a nuisance *per se* by reason of inappropriate loca-
tion is, in this case, a question of fact as to whether persons
and property in proximity thereto would be exposed to danger
that is unavoidable and inherent in the business when prop-
erly conducted.

2. ———— *Petition for an Injunction—Proper Allegations.* Facts
tending to show that such business was being located in un-
necessarily close proximity to a public highway frequently
traveled by plaintiffs and their family, and to the residence
and other buildings of plaintiffs, are proper allegations in a
suit to enjoin such business as a nuisance.

3. EVIDENCE—*Expert—Effect of Explosions of Dynamite.* The
opinion of a witness, qualified to speak as an expert, upon
the effect upon persons and buildings of the explosion of
certain amounts of dynamite within certain distances is
proper evidence to be considered in such a case.

Error from Allen district court; OSCAR FOUST, judge.
Opinion filed February 10, 1906.   Reversed.

STATEMENT.

PLAINTIFFS in error brought suit in the district court
of Allen county to restrain the defendant from erect-
ing a powder-house for the purpose of storing a large
amount of explosives on land of its own adjoining
plaintiffs' premises, not far removed from plaintiffs'
buildings, and close to a public highway alleged to
be frequently traveled by plaintiffs and their family
and the public generally.   The plaintiffs filed an
amended petition, and a portion thereof was stricken
out on motion of the defendant.   At the trial, after the
plaintiffs had introduced their evidence, the court sus-
tained a demurrer thereto, and rendered judgment in

favor of the defendant.   Plaintiffs bring the case here
for review.

*L. Philip Coblentz,* and *Travis Morse,* for plaintiffs
in error.

*Baxter D. McClain,* for defendant in error; *McClain
& Apt,* of counsel.

The opinion of the court was delivered by

SMITH, J.:  On the showing made by plaintiffs as to
the amount in controversy, the motion of defendant to
dismiss is denied.

The first error assigned is the striking out of three
portions of the petition, viz.:   (1) The description by
subdivisions of all of a large tract of land (except one
eighty-acre tract) which was alleged in the petition
to belong to the defendant, "forming a tract which lies
near and adjoining to the said property of these plain-
tiffs;" (2) in the allegation that by its use and liability
to explode the magazine was a common nuisance, a
menace, etc., the words "a common nuisance;" (3) all
of subdivision 8 of the petition.   The first portion
stricken out was the description of a large tract of
land upon which it was alleged in subdivision 8 there
were many locations, remote from highways and build-
ings, where a magazine could be erected with little
danger to life or property.

In the determination of such a case a court of equity
should consider just such facts as are here alleged.
There is no claim that a cause of action was embraced
in these allegations that was not in the original peti-
tion.   If, as alleged, the building and the using of the
magazine at the place intended would greatly endan-
ger plaintiffs' property and the lives of their family,
and if, as alleged, the defendant owned other lands
upon which, without great inconvenience, such maga-
zine could be erected and used without danger or with
much less danger to persons and property, a court of

equity might well interfere by injunction.  Also the allegation that the proposed building was, by reason of its use, a common nuisance seems entirely permissible, although the plaintiffs, to maintain the suit, would have to prove that they would be affected differently than the community in general by the alleged nuisance.  So far we think the court was in error.  If, as conceded, these facts were proper matter of proof, they were proper facts to plead.  The latter part of subdivision 8, however, relating to the explosion of a magazine some time before, tendered no relevant issue and might well have been stricken out.

The court permitted Mr. Crane, who testified that he was an instructor in mining engineering in the University of Kansas, and who also testified to no inconsiderable amount of practical experience with explosives, to testify to many facts and numerous opinions relating to the effect of explosions of dynamite on persons and buildings at certain distances from the place of explosion.  Many of these facts and opinions testified to were certainly matters of technical knowledge and science, and were proper matters of expert testimony; but the court afterward refused to consider this evidence, on the ground that the evidence was in effect a repetition of what the witness had read in books and was not based upon his personal observation and experience.  In this there was error.  The witness, in the main at least, did not undertake to repeat what any author or book said on a given subject, but gave his opinion from the weight of authorities as it appeared to him, necessarily calling his own experience to his aid in determining such weight.

Much space is devoted in the briefs to the discussion of the question whether the structure and the intended use thereof as alleged would make it a nuisance *per se,* or whether a careless or negligent use thereof would be requisite to make it a nuisance.

"A nuisance *per se* is an act, thing, omission, or

use of the property which in and of itself is a nuisance, and hence is not permissible or excusable under any circumstances." (21 A. & E. Encycl. of L. 683.)

A lawful business is not generally a nuisance *per se*, but may become so by being located in an inappropriate place or by being kept in an improper manner. (21 A. & E. Encycl. of L. 684, *et seq.*) It is therefore largely a question of fact whether the storing of a large quantity of dynamite in proximity to buildings is, when properly done, dangerous to the lives or property of persons located or living and passing within certain distances therefrom.

The evidence, or at least much of the evidence of the witness Crane, should have been considered and given such weight, if any, as it was entitled to in determining this question.

Other errors are assigned, but as the same questions are not likely to arise on a retrial they are not discussed. The judgment of the district court is reversed, with instructions to grant a new trial.

All the Justices concurring.