No. 26,168.

CLYDE KING et al., *Appellees*, v. AMERICAN ROCK CRUSHER, *Appellant*.

### SYLLABUS BY THE COURT.

1. INJUNCTIONS—*Discretion of Court—Evidence*. There was evidence which justified the court in its discretion to grant a temporary injunction restraining the defendant from maintaining a nuisance.

2. NUISANCES—*Private Nuisance—Rock Crusher*. The maintenance of a nuisance caused by the manner in which a rock crusher and rock quarry are operated may be enjoined at the suit of those whose property and health are injured thereby.

3. SAME — *Persons Who May Join — Restraining Nuisance*. All who are injured by the maintenance of such a nuisance as is mentioned in the second paragraph of this syllabus may join in an action to secure an injunction against the maintenance of the nuisance.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-CAMISH, judge. Opinion filed November 7, 1925. Affirmed.

*J. O. Emerson* and *David J. Smith,* both of Kansas City, for the appellant.
*J. H. Brady* and *T. F. Railsback,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from an order granting a temporary injunction against it enjoining it from operating a stone quarry and rock crusher in a certain manner, and appeals from an order overruling its demurrer to the petition of the plaintiffs.

Thirty-five separate plaintiffs joined in the action, and the petition was verified by one of them. The petition alleged in substance that the defendant was operating a stone quarry and rock crusher in the vicinity of the houses and homes occupied by the plaintiffs; that in operating the quarry large blasts of explosives were used, causing vibrations which injured the houses, homes and health of the plaintiffs; and that in operating the rock crusher big clouds of dust were created, which settled on, in and about the houses and homes of the plaintiffs, to their damage and injury.

1. The defendant argues that the temporary injunction was

---

1. Injunctions, 32 C. J. § 582.   2. Nuisances, 29 Cyc. pp. 1167, 1184, 1189.   3. Id., 29 Cyc. 1238.

granted against the weight of the evidence. On the hearing of the application for a temporary injunction the petition was used as evidence for the plaintiff, and the defendant used a large number of identical affidavits to disprove the facts stated in the petition. The plaintiffs contend that ten other affidavits were used on the hearing in their behalf. The defendant contends that those affidavits were not used. They were on file in the office of the clerk of the district court at the time the hearing was held. Even if they were not used, the facts alleged in the petition were sufficient to warrant the granting of a temporary injunction. The court had some discretion in the matter. In *Mead v. Anderson*, 40 Kan. 203, 19 Pac. 708, this court said:

"The refusing or granting of a temporary injunction is largely in the discretion of the judge or court, and for that reason close and intricate questions will not be reviewed, and the action of the court reversed, unless it shall clearly appear that the judgment or order is erroneous."

2. The defendant contends that the nuisance, if any, was a public one and could not be enjoined at the suit of any private individual. This contention is not good. In *Winbigler v. Clift*, 102 Kan. 858, 172 Pac. 537, it was held that a private individual could maintain an action to enjoin a horse and mule market from being maintained in the vicinity of his dwelling. The court said:

"A business may be conducted under conditions which will constitute it a private as well as a public nuisance."

In *Leland v. Turner*, 117 Kan. 294, 230 Pac. 1061, this court said:

"Private citizens who own and occupy homes in a residential section of a city have an interest so different in character as well as in degree from the general public in the threatened and impending intrusion of an undertaking establishment in close proximity to their homes that they may maintain an action to enjoin such establishment as a private nuisance." (Syl. ¶ 1.)

In *Knotts v. City of Coffeyville*, 118 Kan. 352, 234 Pac. 948, the plaintiff recovered damages caused by the defendant diverting a sewer so that sewage flowed into an open stream running across the plaintiff's land.

In *Gilbert v. Construction Co.*, 110 Kan. 298, 203 Pac. 1113, the plaintiff recovered damages caused by a rock crusher being operated within forty-three feet of his residence. The court there said:

"The setting up and operating of a rock crusher in the street within forty-three feet of plaintiff's residence and the consequent throwing of large quantities of dust upon and into the residence, injuring and destroying furniture, clothing and food, was a nuisance." (Syl. ¶ 1.)

There was evidence in the present case which tended to show that the property of these plaintiffs was damaged by the operations of the defendant. For that reason the plaintiffs had the right to maintain the action.

3. Another contention of the defendant, one presented to the trial court by the demurrer to the petition, is that several actions are improperly joined. The argument of the defendant is that if the nuisance maintained by it could be enjoined by a private person, each person affected by the nuisance had the right to maintain that action and that no two of them could join to prosecute it.

The pertinent statutes are sections 60-410 and 60-413 of the Revised Statutes, which read as follows:

"All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this article."

"When the question is one of common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

The principle governing this action can be found in *Palmer v. Wadell*, 22 Kan. 352, where the court said:

"Two or more persons, having separate and distinct tracts of land which are injured or rendered less valuable by the overflow of water at certain seasons of the year from a natural watercourse obstructed by ditches and dams, where such overflow is a common injury to the lands of both, may join in a suit as plaintiffs to restrain such nuisance, as such parties have a common interest in the subject matter thereof." (Syl. ¶ 4.)

Another declaration by this court concerning the joinder of actions is found in *Street Rly. Co. v. Nave*, 38 Kan. 744, 17 Pac. 587, the court there used the following language:

"Two or more persons, each owning distinct though adjoining lots and buildings on the street of a city where it is proposed to build a street railroad without authority from the city, which when built will obstruct the use of the properties and cause a common injury to such proprietors independent and different from what the general public suffers, may unite as plaintiffs and maintain an action to restrain the threatened obstruction and nuisance."

In *Bissey v. City of Marion*, 104 Kan. 311, 178 Pac. 611, 991, the court said:

"Several persons, each of whom has a special interest in a street's being kept open for traffic, may join in an action for that purpose."

The plaintiffs can jointly maintain this action.

The judgment is affirmed.