Donaldson v. Powell.

---

No. 27,248.

J. R. DONALDSON et al., *Appellees*, v. LEWIS POWELL, *Appellant*.

SYLLABUS BY THE COURT.

1. NUISANCE—*Filling Station—Who May Maintain Action to Enjoin.* A resident owner of property, living thereon near an automobile filling station in a city, may maintain an action in his own name to enjoin the owner of the filling station from maintaining and operating it, where the property owner sustains damages peculiar to himself by the operation of the station.

2. SAME—*Filling Station—Enjoining Maintenance.* Under the circumstances described in the first paragraph of this syllabus, the property owner has a right to an injunction against the maintenance and operation of the filling station, notwithstanding the fact that an ordinance of the city prohibiting such operation, except under certain conditions, may be invalid.

Appeal from Lyon district court; ISAAC T. RICHARDSON, judge. Opinion filed April 9, 1927. Affirmed.

*C. K. Judd* and *W. S. Kretsinger,* both of Emporia, for the appellant.
*W. C. Harris* and *Owen S. Samuel,* both of Emporia, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against him enjoining him from maintaining and operating a filling station close to the property of the plaintiffs in the city of Emporia.

In that city, an ordinance had been passed prohibiting any person from establishing on any property outside the fire limits of the city any filling station without the written consent of the owners of

Nuisances, 29 Cyc. p. 1234 n. 19; 7 A. L. R. 771; 26 A. L. R. 944; 32 A. L. R. 725.

Donaldson v. Powell.

four-fifths of the property lying within one-half block in each direction from the location of the filling station.

The action was tried without a jury, and the court made findings of fact, the material parts of which were that the plaintiff, J. R. Donaldson, owned and occupied as a- residence property about twenty-five feet from the filling station operated by the defendant, an alley separating the properties; that the other plaintiffs owned, occupied, and lived on property nearby in the same block; that customers frequently visited the filling station of the defendant for the purpose of obtaining service from him; that disagreeable odors escaped from the filling station; that noises were made by those desiring the service of the defendant; that he commenced his operations shortly after six o'clock in the morning and continued them until after nine o'clock at night; that the maintenance of the filling station increased the fire danger to the property of the plaintiffs; that the filling station was outside the fire limits of Emporia, and was located on an alley in a barn built of wood adjacent to other frame structures; that the defendant had not obtained the consent of four-fifths of the owners of the property located within one-half block of the filling station; and "that the business as conducted by defendant makes the home and surroundings of plaintiff undesirable and an unpleasant place to live and renders the property of plaintiff and others less peaceable and reduces its sale value."

The court concluded:

"That the operation and maintenance of said filling station by the defendant at the place in question and in the manner in which it is operated at the place aforesaid constitutes and is a menace, annoyance and disturbance of the peace of the plaintiff and other resident property owners adjacent and in the near vicinity; and is a nuisance."

The evidence has not been abstracted. The questions presented must be determined on the findings of fact.

1. The first proposition presented by the defendant is that the plaintiffs cannot maintain this action because it is one that should be brought in the name of the state. Similar questions have been before this court in a number of instances. It has been held that a private individual who is injured thereby may maintain an action to enjoin the maintenance of a cancer hospital (*Stotler v. Rochelle*, 83 Kan. 86, 109 Pac. 788); a horse and mule market (*Winbigler v. Clift*, 102 Kan. 858, 172 Pac. 537); an undertaking establishment (*Leland v. Turner*, 117 Kan. 294, 230 Pac. 1061); and a rock crusher (*King v. American Rock Crusher*, 119 Kan. 618, 619, 240 Pac. 394).

2. The next proposition argued by the defendant is that the ordinance of the city is invalid. The ordinance is attacked because it permits the property owners within a certain distance of the filling station to say whether or not such a filling station may be maintained, thereby delegating to the property owners power that is vested in the state. Without so deciding, let it be conceded that the ordinance is invalid. Would that defeat the right of plaintiffs to the injunctive relief granted? The properties in which they lived were by the operation of the filling station rendered less desirable as a place of residence, and the value of the properties was decreased. The plaintiffs sustained damage not sustained by the public generally. Under the cases cited, the plaintiffs had the right to an injunction even if there had been no ordinance. (See, also, *Venard v. Cross*, 8 Kan. 248; *Fogarty v. Pressed Brick Co.*, 50 Kan. 478, 31 Pac. 1052; *Remsberg v. Cement Co.*, 73 Kan. 66, 84 Pac. 548; *Longnecker v. Railroad Co.*, 80 Kan. 413, 102 Pac. 492; *Gilmore v. Salt Co.*, 84 Kan. 729, 115 Pac. 541; *Helms v. Oil Co.*, 102 Kan. 164, 169 Pac. 208; *Gilbert v. Construction Co.*, 110 Kan. 298, 203 Pac. 1113; and *Knotts v. City of Coffeyville*, 118 Kan. 352, 234 Pac. 948.)

The judgment is affirmed.