ALBAUGH *v.* ABBOTT.

1. NUISANCE—GARBAGE.
   Garbage is nuisance *per se.*

2. SAME—PIGGERY.
   In suit to abate nuisance created by hauling and feeding garbage to pigs, decree in favor of plaintiffs, *held,* justified under evidence.

On right to enjoin piggery as nuisance, see annotation in 50 A. L. R. 1017.

3. SAME—PARTIES—JOINDER OF DEFENDANTS.

Several defendants were properly joined in suit to abate nuisance, where they each contributed thereto, although they operated separate plants.

4. SAME—JOINDER OF PLAINTIFFS.

Several plaintiffs may be joined in one suit to abate nuisance when they are all injured in similar manner and are interested in same sort of relief.

5. SAME—HUSBAND AND WIFE—NECESSARY PARTIES.

In suit to abate nuisance created by hauling and feeding garbage to pigs, one who ran piggery for defendant on percentage basis, and defendant's wife, who owned property with husband by entireties but was not interested in piggery, were not necessary parties defendant.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted January 9, 1931. (Docket No. 72, Calendar No. 34,794.) Decided February 27, 1931.

Bill by Albert Albaugh and others against Floyd Abbott and others to abate a nuisance resulting from the collection of garbage and feeding it to hogs. Decree for plaintiffs. Defendants appeal. Affirmed.

*Elmer N. Peters* and *John A. Mustard,* for plaintiffs.

*John A. Wagner,* for defendants Palmer, Stiles, Scully, and Gaines.

*George A. Winkler,* for defendant Abbott.

BUTZEL, C. J. Plaintiffs Albaugh *et al.* owned and occupied farm houses in Emmet township, Calhoun county, Michigan, on or near the Beadle Lake road, a main thoroughfare. Defendants Abbott, Palmer, and Stiles also owned lands in the same vicinity. The latter haul garbage and refuse from the city of

Battle Creek, about two and one-half miles away, to their farms, where they conduct or own piggeries. Defendants Scully and Gaines are the owners of the Battle Creek Garbage Company, which hauls garbage for defendants Palmer and Stiles. Defendants Mason and Brancato are no longer interested in piggeries in this locality and a consent decree has been entered against them.

Battle Creek, one of the largest municipalities in southern Michigan, has no garbage disposal plant. Over 80 per cent. of its garbage is collected and transported by defendants' trucks to the piggeries maintained by them on the aforementioned lands. The farms of the parties consist largely of light soil, but some of the land of plaintiffs is desirable and suitable for farming. Owing to the growth of Battle Creek, a few new houses have been erected in the vicinity of the homes of some of the plaintiffs. The lands used by the defendants for the piggeries are all within a radius of a quarter of a mile from the home of plaintiff Peters, and almost all of the homes of the plaintiffs are within a radius of one-half mile from that point.

The Palmer-Stiles, Abbott and Palmer (Irish) piggeries are respectively about 70, 35, and 70 rods from plaintiff Peters' home, but further from the lands of the other plaintiffs. Inasmuch as the obnoxious odors become more pronounced when the wind blows in the direction of plaintiff Peters' home, he was able to absolutely identify the odors emanating from the respective piggeries of each of the defendants. He testified that each one of them contributed to the creation of a most intolerable nuisance.

During the summer, 25 tons of refuse are hauled daily to the piggeries or dumps of defendants

Palmer and Stiles, while in the winter time, owing to the collection of ashes, twice this amount is taken by them. They collect the garbage of some 4,000 customers in the summer and 2,500 in the winter. The Abbott dump daily collects 15 loads of refuse and serves about 3,000 customers. Defendants claim that the amount of garbage consists only of 10 per cent. of the amount of refuse collected in the summer and is less in the wintertime. The dump owned by defendant Palmer, but conducted by a party named Irish, daily receives two tons of garbage. During the summer, and particularly during the fruit season, the amount of garbage becomes larger. Some of the defendants claim that the garbage is in many instances covered by other refuse when brought to their piggeries. The number of hogs that each piggery maintains is important. At the time of the trial, between 150 and 250 hogs were kept at the Palmer (Irish) dump, 350 at the Abbott dump, and 400 at the Palmer-Stiles dump.

Plaintiffs filed a bill of complaint alleging that defendants were creating a nuisance through the collecting and hauling of garbage and maintaining the piggeries. A decree was granted as prayed for in the bill, except that defendants were given a reasonable time in which to close their piggeries, or, if they desired, remove them to some other locality.

Defendants on appeal claim that the testimony does not justify the decree. Plaintiffs showed that the awful stench arising from the piggeries was such a nuisance and abomination that it destroyed the peace and comfort of their homes, and asserted that they were unable to withstand it any longer. Plaintiff Peters, in fact, showed that he and his family were forced to abandon their home on account of the nuisance; that they moved over to an oil station

owned by him. It was further shown that visitors refused to come to the homes of plaintiffs, that people drove past the piggeries as rapidly as possible, that windows and doors had to be kept closed during the heat of the summer, and that both the buildings and the land surrounding them were covered with flies. The condition of putrefaction and corruption of the piggeries, as described by some of the witnesses for plaintiffs, is revolting and disgusting. Some of the defendants' witnesses testified that the conditions were not bad. However, many of them admitted that the atmosphere was very bad and that the nature of hogs and decaying garbage is such that foul odors must arise and permeate the air. Garbage is a nuisance *per se.* *Trowbridge* v. *City of Lansing*, 237 Mich. 402 (50 A. L. R. 1014). Some of the defendants claim that they use the ashes and other solid rubbish to fill in lowlands and thus cover the garbage with other waste material. The fact remains that the purpose of the piggeries was to fatten hogs and this is not accomplished by burying the garbage. Over 80 witnesses testified in the case; the record is a very long one. The trial judge not only heard the witnesses but also visited the piggeries at the beginning of the hearing of the case.

Notwithstanding the fact that many witnesses testified for the defendants, a careful reading of the record convinces us that the correct conclusion was reached by the trial court, and that the decree in favor of plaintiffs should not be disturbed.

Defendants claim that they should not have been joined as defendants in one action. It was proper to join them, where, as it was shown, each one contributed to the nuisance. Had they not been joined each might have blamed the other for being the cause of the conditions described. They all contributed

together towards causing the nuisance, and each one was severally guilty of the charges in the bill of complaint. A number of plaintiffs may be joined in one action when they are all injured in a similar manner and are interested in the same sort of relief, and a number of defendants may likewise be joined in one action when they all contributed to the creating of a nuisance. A multiplicity of suits can thus be readily avoided. *Stodder* v. *Rosen Talking Machine Co.,* 241 Mass. 245 (135 N. E. 251, 22 A. L. R. 1197); *Rowbotham* v. *Jones,* 47 N. J. Eq. 337 (20 Atl. 731, 19 L. R. A. 663); *Warren* v. *Parkhurst,* 186 N. Y. 45 (78 N. E. 579, 6 L. R. A. [N. S.] 1149, 9 Ann. Cas. 512); *Lockwood Co.* v. *Lawrence,* 77 Me. 297 (52 Ann. Rep. 763); *Draper* v. *Brown,* 115 Wis. 361 (91 N. W. 1001); *Norton* v. *Colusa Parrott Mining & Smelting Co.* (C. C. A.), 167 Fed. 202; *King* v. *American Rock Crusher,* 119 Kan. 618 (240 Pac. 394).

Further complaint is made that neither Mrs. Palmer nor Irish were made party defendants. Irish ran the piggery for Palmer on a percentage basis. Mrs. Palmer owned the property with Palmer by the entireties but was not engaged in the piggery business. It was not necessary to join them as defendants.

The decree of the lower court is affirmed, with costs, but defendants are given until June 1, 1931, in which to carry out the terms of the decree. Some complaint is made that the terms of the decree are so severe as to prevent defendants from even keeping pigs on their farms. We do not read the decree that way. It restrains defendants from collecting and hauling garbage to their respective lands and maintaining piggeries. They may continue to raise pigs by furnishing feed for them in the usual method em-

ployed by farmers, but they may not haul garbage to their farms, nor use the lands as garbage disposal plants, nor in a manner so as to become a nuisance to plaintiffs.

WIEST, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.