No. 30,081.

CHARLES F. WEINMANN et al., *Appellees*, v. J. T. MILES, *Appellant*.

(4 P. 2d 437.)

Opinion filed November 7, 1931.

*Ralph U. Pfouts,* of Atchison, for the appellant.

*Maurice P. O'Keefe,* of Atchison, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action by resident property owners in the immediate vicinity of 924 North Ninth street, in the city of Atchison, to enjoin defendant from operating a funeral home at that location. The trial court made findings of fact and rendered judgment for plaintiffs. Defendant has appealed.

The court found that defendant was purchasing, under a contract, the property in question; that he was a licensed undertaker and embalmer, with more than five years' experience, and for the three years last past had conducted a funeral home at 707 North Ninth street, in Atchison; that about March 17 he began to move to the new location, 924 North Ninth street, for the purpose of establishing a funeral home, and on the next day this action was brought, and an order was issued restraining defendant from operating or maintaining a funeral home or undertaking establishment at the new location and from advertising that place as a funeral home,

morgue or mortuary. With respect to the location and surroundings the court made the following finding:

"The court finds that 924 North Ninth street is situated on the southeast corner of Ninth and Division streets and is a residential district. Ninth street is an arterial highway beginning at Commercial street, the main business street of the city, and runs north to Division street, a distance of nine blocks, where it ends. Division street begins at Second and runs west to Thirteenth street, where it ends. Ninth street is twenty-eight feet wide and Division street is thirty feet wide.

"Ninth street is the mainly traveled connecting link with the state highway which begins north of Thirteenth street and runs to Troy, Kan., Saint Joseph, Mo., and other points. Persons trading in Atchison and living north of the city generally come on the highway, then east on Division street, then south on Ninth street to the business center of the city. During the last few years there have been many accidents at Ninth and Division streets, due partly to the width of the streets and the volume of traffic thereon.

"North and across the street from 924 North Ninth street are four residence houses owned by the plaintiff, Chas. F. Weinmann; one house is directly north of 924 North Ninth street, and the other three immediately west; all of them within the space of one-half block, Mr. Weinmann having an investment there of about $20,000. In one of the four houses, and at 921 Division street, lives Chas. F. Weinmann, his wife and daughter. Chas. F. Weinmann has lived at his present location, 921 Division street, for a period of thirty-seven years. North and west of the Weinmann property are residences of many other persons similarly situated. At 907 Division street, and directly north of the proposed funeral home, lives Mr. Luther Baldwin and family, negotiating for the purchase of the property. Directly east and located on property adjacent to the proposed funeral home is the rental residence of John Foelling, who has an investment there of about $4,000. Directly south of the proposed funeral home, within thirty feet thereof, being 920 North Ninth street, is the home and residence of Mrs. Dora Dysart; her daughter is sickly and is in Arizona, but expects to return shortly and when at home occupies a sleeping porch facing the proposed funeral home, and within thirty feet thereof. Mrs. Dysart and her daughter are colored persons. Directly south of the Dysart home J. D. Colbert, colored, resides. South of the Colbert home is the residence of Dr. and Mrs. G. W. Allaman, 902 North Ninth street, who have an investment of approximately $8,000. Across the street on the northwest corner of Ninth and Mound streets, and at 901 North Ninth street, is the home of Mrs. Dennis Lyndon, who has an investment therein of about $10,000. North of Mrs. Lyndon's home is the home of Mr. John E. O'Rourke, and back of the O'Rourke home is a place where Mr. O'Rourke formerly conducted a candy business. North of the O'Rourke home, at 915 North Ninth street, is the home of Charles Houston and wife with an investment therein of about $8,500. North of the Houston home, at 919 North Ninth street, is the home of Doctor Fry, wife and two children. Mrs. Fry has been in a sickly condition, due to nervousness, during the past year. Doctor Fry has an investment in his home of about $8,000. North of the Doctor Fry home and directly across the street from the proposed funeral home, and at 933 North

Ninth street, is the home of Mrs. Henry Hagan, with an investment of about $6,500. North of the Hagan home, on the southwest corner of Ninth and Division streets, is a small suburban grocery store, which has been on that corner for a period of about ten years or more. West of the grocery store live Mr. and Mrs. Harper, and west of the Harper house lives J. Henley and family, who has an investment of about $4,500, and west of the Henley home is the home of E. H. Keene and wife with an investment of about $4,000. North of the E. H. Keene home is the residence of C. H. Crumpacher and family, who has an investment of about $3,500.

"Separating Eighth and Ninth streets north of Division street is Walnut street. On the northeast corner of Walnut street is a church, owned, used and attended by colored persons. East of the church is the home of Ed Winrow, who also is the owner of two other residence properties within the vicinity.

"At the corner of Eighth and Division streets is a school for colored children; at Sixth and Division is a public school and at Second and Division is a parochial school. These schools are attended by children, many of whom live west of Ninth and Division streets.

"North Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, Eleventh and Twelfth streets run parallel north and south and lead from Commercial street, the main business street of the city of Atchison, north to Division street and carry a portion of the traffic from the business center of the city to Division street. On Ninth street, from Commercial north and for a distance of six or seven blocks, are numerous business establishments, and mixed with the residential property, such as grocery stores, drug stores, filling stations, confectionary shop and the funeral home of the defendant at 707 North Ninth street. The property now proposed to be used as a funeral home at 924 North Ninth street was for a number of years used as a combined residence and maternity home, but has since been discontinued and thereafter used as a residence."

The court further found that the value of the residence property in the vicinity of 924 North Ninth street would greatly depreciate if the funeral home were established and conducted, and that while the establishment "proposed to be operated and conducted by the defendant is not a nuisance *per se,* its maintenance at the intersection of two principal residence streets and in a residential district of the city, the district being principally a residential district, is a nuisance as to the plaintiffs and other persons similarly situated in said district, whose property will be greatly reduced in value, and whose comfort, repose and enjoyment of their homes will be materially diminished by the mental depression and distress and annoyance caused by the going and coming of funeral processions, hearses, or carrying in and out of dead bodies, funeral services, thoughts of the dead in the morgue, thoughts of the dead bodies and other things commonly associated in the mind of the average person with death,

funerals, morgues, all of which to that extent that their power of resistance to disease is lowered by mental depression and distress rendering such persons, including the plaintiffs and others similarly situated, more susceptible to disease, and deprive them of the comfort, repose and enjoyment of their lives and homes, to which they are entitled."

Appellant argues that the locality at which he proposed to operate the funeral home is not of such a strictly residential character as to warrant the injunction. That was largely a question of fact, and the facts found by the court justify the order.

Defendant testified at length as to the manner in which he intended to conduct the business at the location, and requested the court to make findings of fact as to how the business would be conducted, and complains because the court did not make those findings. The requested findings asked the court to go into the future as distinct from making findings on present or past conditions. The court might very well hesitate to predict the details of how defendant would in the future conduct his business at the place in question. It is true defendant testified as to what he planned and intended to do, but that testimony did not compel the court to make a finding as to how it would in fact be done. That could really be determined only after a lapse of time. The court might not have been satisfied of the sincerity of defendant's declaration of intentions or of his capability to carry them out. There was no error in the court's refusal to find, as requested by defendant, on this point, and in view of the request made the refusal of the court to make the finding perhaps should be construed as tantamount to a finding the other way. But we need not go so far here as to so hold. All we need to determine is that there was no error in the court's refusing to make the finding requested.

Appellant complains that the court did not set forth in detail the character of the properties on North Ninth street and Division street, and whether residential or business, or both, although such finding was requested. In view of the finding made by the court hereinbefore set out, this complaint lacks merit.

Appellant contends that the proposed funeral home would not add anything to the neighborhood that was not already there, and complains that the court did not make a finding to that effect. An examination of the findings made discloses that this contention is without merit.

The legal principles governing a case involving the injunction of the establishment or maintenance of a funeral home in the residence district of a city are quite well settled in this state by our former decisions. (*Stotler v. Rochelle*, 83 Kan. 86, 109 Pac. 788; *Leland v. Turner*, 117 Kan. 294, 230 Pac. 1061; *Hatcher v. Hitchcock*, 129 Kan. 88, 281 Pac. 869, and authorities cited therein.) It is not necessary to restate them at length. The question whether the injunction should be granted in a case is largely a question of fact as applied to such legal principles. The facts found by the court here fully warrant the injunction.

The judgment of the court below is affirmed.