No. 31,707

F. F. FINK, H. W. NESCH and A. B. SEELEY, *Appellees*, v.
E. K. SMITH and SAM ISRAEL, *Appellants*.

(36 P. 2d 976)

Opinion filed November 3, 1934.

*A. B. Keller, George R. Malcolm, C. A. Burnett* and *C. S. Denison,* all of Pittsburg, for the appellants.

*P. E. Nulton, G. L. Stevenson, C. O. Pingry* and *Carl Pingry,* all of Pittsburg, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action to enjoin defendants from operating an undertaking establishment in a residential district in the city of Pittsburg. Judgment was for plaintiffs, and defendants have appealed.

The trial court found plaintiffs owned residence property occupied by them, or their tenants, in the immediate vicinity of the location of defendants' undertaking establishment; that the property in question was owned by the defendant Israel, who had contracted to sell it to defendant Smith, and that it had been used exclusively as a residence for many years, until about May 10, 1933; and further found:

"5. That on or about September 14, 1932, the defendant, E. K. Smith, applied to the board of commissioners of the city of Pittsburg for a building permit, at which time he presented a copy of the minutes of the Pittsburg zoning board commission, in which they approved the building of a funeral home at 207 West Euclid, at which time the plaintiffs, F. F. Fink and A. B. Seeley, protested against the building of the same; that after the plaintiffs and each of them objected and protested against the issuing of a permit for such purpose, and after the meeting of said board of commissioners, or on the following day, the defendant, E. K. Smith, secured a permit from the city clerk of the city of Pittsburg, Kan., to remodel said residence building or to make additions thereto to be used as a church, and the value of said improvement was fixed at $1,500; that thereafter the said defendant, E. K. Smith, remodeled and added to the building now located at 207 West Euclid avenue, which building, after being remodeled, is, to all outward appearances, a private residence of the better sort, but the interior of which is constructed so that the same may be and is used for a funeral home and undertaking establishment; that said defendant, E. K. Smith, erected in front of and to the north of said funeral home two posts upon which were installed electric flood lights, and that on or about the 10th day of May, 1933, the said E. K. Smith moved his undertaking apparatus and business from the location on Broadway in said city to 207 West Euclid avenue into the building so remodeled, and since said time has been engaged in conducting a funeral home and undertaking establishment at said place; that since defendant began conducting an undertaking business and operated his funeral home at 207 West Euclid avenue dead bodies have been taken into said home during the day and night and some have remained in the building for several days at a time, and funerals have been conducted in said building, and mourners have gone to and from said building, and funeral processions have formed and driven away from said building; funeral services have been held there and bereaved relatives of deceased persons have gone into and come out of said building and some of whom have given way to grief and lamentations and some have had to be assisted to and from automobiles as a result thereof, and that by reason of such conditions it has been a

constant reminder of death to plaintiffs and their families and they have been discommoded and have been made unhappy and their feelings and spirits have been depressed by reason of the conducting of said funeral home in said district and by reason of the thoughts of the dead in said establishment and the thoughts of embalming and other matters commonly associated in the minds of the average person with an undertaking establishment, and the plaintiffs and their homes and families are deprived of comfort, repose and enjoyment by reason thereof; that since the establishment of said funeral home flood lights have been turned on at night from about 7:30 p. m. until about 9:30 p. m., lighting up said funeral home and at times reflecting on and into the homes of said plaintiffs, F. F. Fink and H. W. Nesch, and by reason of the glare therefrom said plaintiffs have been inconvenienced, discommoded and depressed.

"6. That the said funeral home and undertaking establishment situated at 207 West Euclid avenue, being at the intersection of Euclid avenue and Walnut street, is in a district which has been for many years and now is a residence district.

"7. That by reason of the conducting of the funeral home and undertaking establishment in said place the value of the property of the plaintiffs and each of them will be depreciated approximately fifty per cent."

The court concluded, as a matter of law, that the maintenance of the funeral home and undertaking establishment at 207 West Euclid avenue in Pittsburg, Kan., constitutes a nuisance to plaintiffs, and that they are entitled to a permanent injunction against the defendants.

The law pertaining to the action is well settled in this state (*Leland v. Turner,* 117 Kan. 294, 230 Pac. 1061; *Hatcher v. Hitchcock,* 129 Kan. 88, 281 Pac. 869; *Weinmann v. Miles,* 134 Kan. 107, 4 P. 2d 437). These authorities accord with the weight of recent decisions in other jurisdictions. In the annotation, 87 A. L. R. 1061, 1062, it is said:

"The greater weight of recent authority is to the effect that the establishment and operation of an undertaking business in a purely residential section, under circumstances which would cause a depressed feeling to the families in the immediate neighborhood, and a constant reminder of death, appreciably impairing their happiness, or weakening their power to resist disease, and depreciating the value of their property, constitutes a nuisance." (Citing many authorities.)

Appellants do not seriously contend the law is not as above stated, but argue that the location of the undertaking establishment in question is not in a purely residential district. Ordinarily this is a question of fact to be determined by the trial court. (See our authorities, *supra.*) We examine the question only to see if there is

substantial, competent evidence to support the court's findings. We have no difficulty in this case in saying there is such evidence.

Appellants argue that plaintiffs were guilty of laches in that this action was not brought until after the building had been remodeled to be used for an undertaking establishment and was in fact being so used. This argument overlooks the fact that defendant Smith camouflaged the purpose for which he was remodeling this building. He procured a permit to remodel the building "to be used as a church," and so designed the exterior of the remodeled building as to appear like a residence of the better sort, while the interior was fitted up as an undertaking establishment. It is difficult to tell from his testimony whether the plan of the interior was changed after he procured his permit or not, since he testified both ways on the question, but the fact remains that the outward appearance of the building as it was being remodeled would not necessarily suggest to nearby residents that the interior was being constructed for an undertaking establishment. We find no room to apply the doctrine of laches here.

Sam Israel was not made a party defendant when the action was filed. Appellants argue that it was essential that the owner of the fee be a party defendant. His deed to the property was not of record. The fact that he owned the fee developed at the trial. Plaintiffs then obtained permission of the court and filed an amendment to their petition, making him a party defendant and alleging that he was the owner of the fee. Israel filed a demurrer to the petition. This was overruled, and it does not appear that he pleaded further. Appellants complain that he was thus made a party defendant. There was no error in the ruling. Our statute (R. S. 60-416) provides that when the determination of a controversy cannot be had without the presence of other parties the court must order them to be brought in. Another section (R. S. 60-759) authorizes the court to permit appropriate amendments to pleadings. There is no contention here that Israel did not have an opportunity to make any defense he had to the action.

Appellants contend they had the right to establish and maintain the undertaking establishment at the location in question because Smith had obtained a building permit and the authorization of the zoning board and his plans and specifications were approved by the building inspector of the city. His permit, as we have seen, was to remodel the building to be used as a church, not to be used as an

undertaking establishment. The so-called authorization of the zoning board was made upon the petition of a few of the many residents of the vicinity who were the owners of but a few of the many residential properties in the immediate vicinity. It was not acted upon favorably by the governing body of the city. The building inspector, of course, had no authority to authorize anyone to maintain a nuisance as against these plaintiffs. (*Hatcher v. Hitchcock,* supra; *Donaldson v. Powell,* 123 Kan. 232, 254 Pac. 1033.)

Appellants complain of the admission of certain evidence. We have examined these contentions and find no error in the court's ruling.

The judgment of the court below is affirmed.